IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PAUL EDWARD DURAN**,

    Plaintiff,

vs.                                           No. 12cv797 JCH/ACT

**MAYOR RICHARD BERRY, CITY OF ALBUQUERQUE**[1],

    Defendant.

### ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Paul Edward Duran's application seeking authorization to proceed *in forma pauperis* ("IFP") with this litigation, *i.e.*, without prepaying costs or filing fees. *See* Doc. 3, filed July 20, 2012. When determining whether to grant permission to proceed IFP, the Court must "review the affidavit and screen [Duran's] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that

---

[1] Mr. Duran lists over a dozen other individuals as defendants in the body of his complaint, but he has not included them in the style of his case. *See* Compl. at 1-2. The Court will not permit him to amend his Complaint, however, because amendment would be futile at this time.

dismissal under § 1915(e) is now mandatory). Although it appears that Duran may be indigent at this time, the Court will deny IFP and dismiss his Complaint.

Duran is suing the Defendants under 42 U.S.C. § 1983. Compl. at 1. He states that he is suing "for Government corruption in New Mexico by state officers in office," and notes that he had filed a similar complaint in state court that was dismissed with prejudice on June 19, 2012[2]. *Id.* at 2. Duran sues Mayor Berry because he is allegedly "the sole successor [sic] of all county court clerks and officers of law in Bernalillo County." *Id.* at 4. He sues the county clerk because he or she allegedly "failed to bound[] over the paid bond from the State Metropolitan Court to the State District Court as implicated by" N.M.R.A. 7-202(E) *Id.* Duran alleges that arresting Officers Diesel and Woolever used excessive force against him on April 26, 2010 by spraying mace in his face, placing him in handcuffs, assaulting him, and making false reports, and that he also was "falsely arrested on June 19, 2010." *Id.* at 3, 4. He alleges that Defendant Prosecutor Judith Faviell "used vindictive prosecution" in his associated criminal trial "and tried to cover up the false arrest." *Id.* at 5. He contends that Defendant Lillian Kelly Garcia, his public defender, was ineffective in his criminal trial because he had to file motions pro se and she refused to do what he wanted. *Id.* He contends that Judge Denise Shepherd, the state-district judge in his criminal case, failed to "correct" the police officers' allegedly illegal acts by not immediately releasing Duran from jail. *Id.* He seeks to sue the New Mexico Supreme Court justices because they did not rule in his favor on his petition for a writ of mandamus. Duran sues Defendant Chief Director of Bernalillo County Metropolitan Detention Center ("BCMDC") Ronald Torrez for holding Duran "against his will" from 7/9/2010

---

[2] Duran attaches a copy of his similar complaint filed under the New Mexico Tort Claims Act against the Risk Management Division of the City of Albuquerque. *See* Compl., Ex. A. Duran makes the same allegations against Mayor Berry and Defendants Diesel and Woolever and seeks the same relief. *See id.*

to 11/22/2010 and from 10/2/2011 to 2/3/2012. *Id.* at 6. He sues Gary Bowman, the "legal librarian" for the BCMDC because he "hindered" Duran in his access to "proper legal material" in some unspecified way *Id.* Duran sues Judge Kenneth Martinez because he allegedly unlawfully amended an "action related to the bond" in his criminal case. *Id.*

Duran's claims against Mayor Berry must be dismissed because Duran has made no showing of Mayor Berry's personal misconduct. Instead, he erroneously bases liability only upon Mayor Berry's position as a supervisor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*," and a government official "is only liable for his or her own misconduct").

Duran's § 1983 claims for violation of the Fourth and Fourteenth Amendments, based on an allegedly false arrest, false imprisonment, and malicious abuse of process all arise out of the circumstances surrounding his arrest and criminal charges. *See id.* at 2-4. The Court takes judicial notice that Mr. Duran's criminal trial on two counts of battery on a peace office and criminal damage to property is still pending in the New Mexico state district court. *See State v. Duran*, No. D-202CR201002310 (Second Judicial District Court, Bernalillo County)[3]. This Court, therefore is compelled from interfering in the state-court proceedings under the *Younger* abstention doctrine because his criminal proceedings are ongoing, and the state courts provide an adequate forum to hear any constitutional claims related to those proceedings.

> "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). A federal court must

---

[3] The state court found Duran competent to stand trial on January 13, 2012, but he has pleaded as a defense the incapacity to form specific intent, and his trial was set for August 6, 2012.

>abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Taylor*, 126 F.3d at 1297. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). Thus, Duran's claims against Officers Diesel and Woolever and Mr. Torrez must be dismissed as premature. *See Mata v. Anderson*, 635 F.3d 1250, 1252 (10th Cir. 2011) (noting that a § 1983 claim for malicious prosecution does not "accrue until the alleged malicious prosecution terminates in favor of the plaintiff").

Duran's claims against the judges and court employees must be dismissed because judges (and employees acting at their behest) are absolutely immunity from suit for judicial actions taken in their official capacities in cases over which they have jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). Similarly, his claims against the District Attorney Judith Faviell are barred by the doctrine of prosecutorial immunity. *See Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) ("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions.") (internal quotations and ellipsis omitted). These activities include "their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of County Comm'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009).

Insofar as Duran seeks to sue his former public defender for ineffective assistance of counsel under § 1983, she is not a state actor, so he has failed to state a cognizable federal claim against her.

*See Polk County v. Dodson*, 454 U.S. 312, 317-22 (1981) (holding that suit may not be brought under § 1983 against a public defender who was performing duties as counsel because he is not a state actor ).  Finally, Duran has stated no facts to show that Mr. Bowman, the law librarian, deprived him of a constitutional right.  *See Ashcroft*, 556 U.S. at 678.

Having determined that Duran cannot state a viable federal claim against any Defendant, the Court will not address any potential, but unstated state-law claims.  *See* 28 U.S.C. 1367(c); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n. 7 (1988) (explaining that in the "usual case" a district court will or should dismiss state claims when "federal-law claims have dropped out of the lawsuit in its early stages"); *United States v. Botefuhr*, 309 F.3d 1263, 1273-74 (10th Cir. 2002) ("a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial").

**IT IS ORDERED** that Duran's application to proceed IFP [Doc. 3] is DENIED and his Complaint is DISMISSED without prejudice.

_____
**UNITED STATES DISTRICT JUDGE**